Douglas P. Wilberger, relator, is seeking a writ of mandamus to compel respondent, Cleveland House of Correction Head Committee Staff Member Ms. Harris, to provide him copies of alleged public records pursuant to R.C. 149.43. Relator is requesting copies of documents relating to a 1994 fist fight he was engaged in which led to his indictment and ultimate conviction of felonious assault. Respondent moved to dismiss the complaint and, for the reasons that follow, we grant respondent's motion.
As a general rule, the public may inspect public records or obtain copies of public records, either at the public office or through the mail. R.C. 149.43(B)(1)-(3). An exception exists for those persons who are incarcerated and who seek certain types of records as follows:
 A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.
R.C. 149.43(B)(4). Pursuant to this section, an incarcerated individual who is requesting a copy of a record concerning a criminal investigation or prosecution may not obtain this record unless (1) the record requested is a public record, and (2) the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the incarcerated individual.
In State ex rel. Arnold v. Pollutro (Nov. 30, 2000), Cuyahoga App. No. 78504, unreported, and State ex rel. Walker v. Balraj (Aug. 2, 2000), Cuyahoga App. No. 77967, unreported, this court dismissed the requests of incarcerated individuals for writs of mandamus to compel the release of alleged public records because, inter alia, neither relator had demonstrated that the pertinent judge had made the requisite determination specified in R.C. 149.43(B)(4). Likewise, in this case, relator has not alleged in his complaint or averred in a Loc.App.R. 45(B)(1) affidavit that he has obtained a determination from the trial judge in his criminal case that the information sought is necessary to support what appears to be a justiciable claim as required in R.C.149.43(B)(4).
Accordingly, we grant respondent's motion to dismiss. The clerk of court is to serve notice upon the parties as provided in Civ.R. 58(B). Costs of this action are to be assessed against relator.
LEO M. SPELLACY, J., and PATRICIA A. BLACKMON, J., CONCUR.